UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH FOX, et al.,

       Plaintiffs,

v.                             Civil Case No. 22-11298
                                Honorable Linda V. Parker

CITY OF JACKSON,
MICHIGAN, et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' RENEWED MOTION TO DISMISS FOR INSUFFICIENT
PROCESS**

On June 11, 2022, Plaintiffs initiated this action against twenty-one (21) Defendants.[1]  Defendants are the City of Jackson ("Jackson") and individuals who serve Jackson in various official capacities.  Jackson, Jackson City Attorney Matthew M. Hagerty, and Jackson Police Department Detective Mike Klimmer have answered Plaintiffs' Complaint.  The matter is presently before the Court on a motion to dismiss for insufficient service filed by the remaining defendants (hereafter "Defendants").  (ECF No. 24.)  The motion has been fully briefed.  (ECF Nos. 27, 29.)  For the reasons that follow, the Court grants in part and denies in part Defendants' motion.

---

[1] Three defendants have since been voluntarily dismissed.  (*See* ECF No. 6.)

## Procedural Background

As indicated, Plaintiffs initiated this action on June 11, 2022.  By September 13, Plaintiffs had failed to file certificates of service—or any document—on the docket reflecting that they were continuing to prosecute this action.  Therefore, on that date, the Court issued an order requiring Plaintiffs to show cause in writing why the action should not be dismissed for failure to prosecute.  (ECF No. 3.)  The Court ordered Plaintiffs to respond by September 27.  (*Id*.)

On that date, Plaintiffs filed certificates of service reflecting that the individual defendants were purportedly served with summonses and copies of the Complaint on September 9, by serving persons claimed to be "designated by law to accept service[.]" (ECF No. 5.)  Plaintiffs filed a separate "memorandum" contending that the Court's show cause order was "unfounded" and "unfair" as they were in fact prosecuting the matter.[2] (ECF No. 10.)  Once the Court received the certificates of service, it vacated the show cause order.  (ECF No. 11.)

---

[2] The Court is perplexed as to how Plaintiffs expected the Court to know this when they had filed nothing on the docket to reflect their actions since the filing of the lawsuit. Notably, Rule 4 of the Federal Rules of Civil Procedure plainly states: "proof of service *must be made to the court*" unless service is waived.  Fed. R. Civ. P. 4(*l*) (emphasis added).  While Rule 4 does not set forth a deadline by which proof of service must be made, clearly the deadline is prior to the time limit for service in subsection (m) (i.e. 90 days after complaint is filed) as "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time[]" if service is not made by that time limit.  Fed. R. Civ. P. 4(m).

Defendants, however, filed a motion to dismiss arguing that Plaintiffs' service was insufficient under Rule 4.[3]  (ECF No. 15.)  Plaintiffs "responded" to the motion with a motion seeking more time to serve Defendants.  (ECF No. 18.)  On November 21, the Court granted Plaintiffs' motion and denied without prejudice Defendants' motion.  (ECF No. 20.)  The Court gave Plaintiffs until December 21 to complete service on Defendants and warned "that the failure to file certificates of service reflecting proper service o[n] these individuals by the deadline will result in their dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure."  (*Id*. at Pg ID 201.)

On December 21, Plaintiffs filed certificates of service for only Defendants Mike Klimmer (ECF No. 22) and Shane Andrew Laporte (ECF No. 23).  As to Laporte, Plaintiffs' process server checked the box reflecting that, on December 21 at 10:30 a.m., she "left the summons at the individual's residence or usual place of abode with . . . a person of suitable age and discretion who resides there . . . .]"  (ECF No. 23 at Pg ID 235.)  The process server identified Laporte as the individual with whom she left the materials.  (*Id*.)  However, under additional information, the process server provided the following, in part, concerning her service at "Laporte's home address":

> A female of unknown ethnicity, approximately 35 years of age, 5'1", 120 lbs, with black hair, and brown eyes opened the first door that I knocked at and asked what I wanted.  I asked if Shane Laporte was there.  She said no. I said does Shane Laporte live here and she said no she didn't know anyone

---

[3] Defendants' current counsel moved to appear for the limited purpose of contesting jurisdiction and the propriety of service of process (ECF No. 14), which the Court granted (ECF No. 16).

by that name.  I asked if this was the address of 8261 and the Laporte
residence which I knew was the correct address.  It had also been verified
that he is the current owner of this property.  She asked me what I wanted.  I
replied that I had documents for Mr. Laporte.  She yelled at me to leave, told
me I was trespassing, and told me to not come back.  I stated that I was
leaving them at the door for him.  She slammed the door.  As I was returning
to my car, she started her car remotely.  I waited as I was writing down my
information.  She and her child walked over the documents looking directly
at them and not walking on them, off her porch, yelled a few more things at
me, and drove away.  She headed toward Jackson.

(*Id.* at Pg ID 235-36.)  Another process server, who also attempted to serve Laporte at the

same address and who left his card at the door, received a call from Laporte at 2:18 p.m.

on December 22, "complaining about a female court officer who tried to give his wife a

paper.  She refused the paper and told her to get off the property . . .."  (ECF No. 28 at Pg

ID 285.)

Klimmer, conceding that service upon him was proper, filed an Answer to the

Complaint on January 10, 2023.  (ECF No. 26.)  Laporte maintains that he was not

properly served, and thus he and the remaining unserved defendants brought the pending

motion to dismiss.  (ECF No. 24.)  In their response to the motion, Plaintiffs argue that

Laporte was properly served.  (ECF No. 27.)  Plaintiffs fail to address Defendants'

arguments as to the remaining defendants.  (*Id.*)

**Applicable Law and Analysis**

Under Rule 4, the court may dismiss an action against a defendant who is not

timely served.  Fed. R. Civ. P. 4(m).  It is the plaintiff's burden to show that service was

timely and proper.  *See Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x

4

285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

Plaintiffs have made no attempt to satisfy their burden with respect to Defendants, except

Laporte.  Since the Court extended Plaintiffs' time to accomplish service on Defendants,

Plaintiffs have filed certificates of service only as to Laporte and Klimmer.  As the Court

warned in its November 21 decision, "the failure to file certificates of service reflecting

proper service o[n] these individuals by the deadline *will* result in their dismissal pursuant

to Rule 4(m) . . .."  (ECF No. 20 at Pg ID 201 (emphasis added).)  Thus, the Court grants

Defendants' motion to dismiss as to Defendants Daniel Mahoney, Arlene Robinson, Fred

Dancy, Angelita V. Gunn, Laura Dwyer Schlecte, Karen Bunnell, Will Forgave, Jonathan

Green, Mark Porterfield, Brian Taylor, John O'Connor, Dave Batterson, Mark Fish, and

Elmer Hitt.  Plaintiffs, however, have now properly served Laporte.

Rule 4 allows for service on an individual by *inter alia* "leaving a copy of [the

summons and complaint] at the individual's dwelling or usual place of abode with

someone of suitable age and discretion who resides there[.]"  Fed. R. Civ. P. 4(e)(2)(B).

Putting aside the process server's error in identifying Laporte as the individual with

whom the summons and complaint were left, her narrative clearly conveys that the

documents were left with an adult woman who was believed to be Laporte's wife.

Laporte subsequently confirmed to a different process server that the woman was his

wife.

The process server left the documents at the front door but this was sufficient to accomplish service. She told Laporte's wife that she had documents for Laporte, the wife refused to accept them, and they were then left at the door. "[Rule] 4(e)(2) does not require an 'in hand' delivery and acceptance of the papers." *Ohio Farmers Ins. Co. v. Wagner*, No. 1:13-cv-1553, 2013 WL 5739756, at *2 (N.D. Ohio Oct. 22, 2013) (citing *Ali v. MidAtlantic Settlement Servs., Inc.*, 233 F.R.D. 32, 36 (D.D.C. 2006) (finding valid service where the defendant refused to open the door to his residence and allow the process server to hand him documents); *Novak v. World Bank*, 703 F.2d 1305, 1310 n. 14 (D.C. Cir. 1983) ("When a person refused to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person.")); *see also Gambone v. Lite-Rock Drywall Corp.*, 124 F. App'x 78, 80 (3d Cir. 2005) (finding sufficient personal service where the defendant attempted to evade service and papers were left on the doorstep after the door was slammed). This interpretation of the rule has been extended to service on individuals other than the defendant at the defendant's residence. *See, e.g., Fed. Fin. Co. v. Longiotti*, 164 F.R.D. 419, 421-22 (E.D.N.C. 1996) (finding process sufficient where server attempted to serve the defendant's wife, who refused to accept it, and server placed documents on her doorstop); *Norris v. Causey*, 869 F.3d 360, 370 (5th Cir. 2017) (citing cases finding service proper where documents were left in close proximity to a member of the defendant's household who refused to accept them).

6

For these reasons, the Court declines to dismiss Laporte for insufficient service of process.

Accordingly,

**IT IS ORDERED** that Defendants' renewed motion to dismiss (ECF No. 24) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint against the following individuals is **DISMISSED WITH PREJUDICE** and they are **TERMINATED AS PARTIES** to this action: Daniel Mahoney, Arlene Robinson, Fred Dancy, Angelita V. Gunn, Laura Dwyer Schlecte, Karen Bunnell, Will Forgave, Jonathan Greene, Mark Porterfield, Brian Taylor, John O'Connor, Dave Batterson, Mark Fish, and Elmer Hitt.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 14, 2023

7