UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELIZABETH FOX, *et al.*,

    Plaintiffs,
v.                                                                                          No. 2:22-cv-11298
                                                                              Hon. Linda V. Parker
THE CITY OF JACKSON,                         Hon. Curtis Ivy, Jr.
MICHIGAN, *et al.*,

    Defendants.
_____/

Barry R. Powers (P40589)
CRANBROOK LAW GROUP, P.C.
38550 Garfield Road, Suite A
Clinton Township, Michigan 48038-3406
(248) 515-8599
bpowers@cranbrooklawgroup.com
Counsel for Plaintiffs
_____/

### PLAINTIFFS' MOTION TO HOLD SUMMARY JUDGMENT IN ABEYANCE OR FOR OTHER RELIEF

Plaintiffs ask this Honorable Court to hold summary judgment in abeyance under Fed. R. Civ. P. 56(d) for a period of not less than ninety days, or, alternatively, allow additional time for Plaintiffs to respond to the motion of defendants for summary judgment under ED Mich LR 7.1(g) for a period of not less than ninety days by *ex parte* order. Counsel for Plaintiffs has attempted to meet and confer with counsel for Defendants reasonably in advance of filing the present motion in a good faith effort to resolve

disagreement or to narrow the areas of disagreement to the greatest possible extent. However, counsel for Defendants has failed and refused to do so.

Further, counsel for Plaintiffs has requested that counsel for Defendants concur in the relief requested in this motion reasonably in advance of filing this motion. Such attempts to resolve the disagreement in an attempt to avoid filing the present motion were rebuked by counsel for Defendants as recently as the morning of October 11, 2024.

Therefore, Plaintiffs respectfully pray this Honorable Court hold summary judgment in abeyance for a period of not less than ninety days, or, alternatively, allow additional time for Plaintiffs to respond to the motion of defendants for summary judgment under ED Mich LR 7.1(g) for a period of not less than ninety days.

                                          Respectfully submitted,

                                          CRANBROOK LAW GROUP, P.C.

                                          By /s/Barry R. Powers
                                               Barry R. Powers
                                          Counsel for Plaintiffs

DATED: December 1, 2024

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO HOLD SUMMARY JUDGMENT IN ABEYANCE OR FOR OTHER RELIEF

### Statement of Most Appropriate Authority

*Anderson v Liberty Lobby, Inc.*, 477 U.S. 242 (1986)

*Vance v United States*, 90 F.3d 1145 (6th Cir. 1996)

Fed. R. Civ. P. 56(d)

ED Mich LR 7.1(g)

### Background

Counsel for the parties agreed that the depositions upon oral examination of Defendants would proceed upon the completion of the depositions upon oral examination of Plaintiffs.

Upon completion of Plaintiffs' depositions, Plaintiffs duly noticed the depositions of Defendants to take place within the discovery period. Thereupon, counsel for Defendants informed counsel for Plaintiffs that Defendants were reneging on their stipulation to appear for depositions, proceeded to refuse to submit to their depositions, and failed and refused to appear and give testimony at their depositions as duly and timely noticed to take place during discovery. Defendants have allowed the deposition of not a single one of them in this case, despite diligent and numerous efforts of Plaintiffs to engage in this discovery over several months of the pendency of this litigation.

Plaintiffs, thereupon, within the time for completion of discovery, filed a motion to compel defendants to cooperate in discovery [ECF No. 44] and a motion to enlarge the time for discovery and for the filing of dispositive motions [ECF No. 45].[1]

## Discussion

Summary judgment will be refused where a party has been blocked from obtaining essential discovery. *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)(citing Fed. R. Civ. P. 56(f)(now Fed. R. Civ. P. 56(d)); *Vance v United States*, 90 F.3d 1145, 1148-1149 (6th Cir. 1996).

If the non-movant demonstrates the motion was filed without the non-movant's rights and need for discovery is not permitted and satisfied, entry of summary judgment without permitting him or her to conduct any discovery at all is an abuse of discretion, and the Sixth Circuit disfavors and often denies as premature summary judgment motions brought before the close of discovery. *See, e.g., id.* at 1149; *see also White's Landing Fisheries, Inc. v Buchholzer*, 29 F.3d 229, 231-232 (6th Cir. 1994); *Plott v General Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995)(citing *Anderson v Liberty Lobby, Inc.*, *supra*, at 250 n.5)); *Zakora v Chrisman*, 44 F.4th 452, 479 (6th Cir.

---

[1] This Honorable Court entered an order striking those motions [ECF No. 46]. Plaintiffs have filed a motion for leave to file motion to enlarge time [ECF No. 50] and a motion for leave to file motion to compel defendants to cooperate in discovery [ECF No. 51], which are pending. For further background, and in the interests of brevity and avoiding duplication in the present court papers, Plaintiffs respectfully refer this Honorable Court to the facts and arguments stated in the motions and briefs filed in support of the motions [ECF Nos. 44-45 & 50-51]

2022)(citing *Abercrombie & Fitch Stores, Inc. v Am. Eagle Outfitters, Inc*., 280 F.3d 619, at 627 (6th Cir. 2002)); *Jefferson v Chattanooga Publ. Co.*, 375 F.3d 461, 463 (6th Cir. 2004); *Ostrander v. Smith*, No. 23-10803, 2022 U.S. Dist. LEXIS 186317, 2023 WL 6812644, at * (E.D. Mich. Aug. 17, 2023), *report and recommendation adopted*, No. 23-cv-10803, 2023 U.S. Dist. LEXIS 185428, 2023 WL 6812056 (E.D. Mich. Oct. 16, 2023).

Where a party moves for summary judgment after having refused and thus violated the right of the non-movant to engage in timely important discovery during the discovery phase of the case and moves for that discovery, summary judgment is, obviously, improper. *Abercrombie & Fitch Stores, supra*, at 627.[2]

## Conclusion

Therefore, this Honorable Court should hold summary judgment in abeyance for such time reasonable and necessary for, and until Plaintiffs' undisputed rights to engage in and complete, deposition discovery of Defendants have been duly satisfied. To do otherwise would reward Defendants for their improper behavior, flouting of controlling procedural

---

[2] *See also* other authorities cited above, and Fed. R. Civ. P. 56(d)(court may defer considering the summary judgment motion, deny motion, allow time to take discovery, or issue any other appropriate order); *cf*. ED Mich LR 7.1(g)(court may on *ex parte* application that deposition transcripts in opposition to summary judgment motion are necessary, court may allow additional time within which transcripts and brief in response to motion are to be filed).

law, and refusal to cooperate in wholly righteous and timely discovery duly and timely sought by Plaintiffs during the discovery phase of this litigation.

                  Respectfully submitted,

                  CRANBROOK LAW GROUP, P.C.

                  By <u>/s/Barry R. Powers</u>
                     Barry R. Powers
                     Counsel for Plaintiffs

DATED: December 1, 2024

### DECLARATION OF PLAINTIFF ELIZABETH FOX IN SUPPORT OF PLAINTIFFS' MOTION TO HOLD SUMMARY JUDGMENT IN ABEYANCE OR FOR OTHER RELIEF

    I, Elizabth Fox, Plaintiff in the above-entitled action, declare under penalty of perjury that the foregoing is true and correct.

    I further declare under penalty of perjury that the oral depositions of Defendants including but not limited to: the Defendants including and responsible for the arresting officers and officials and those officials wrongfully inducing, seeking, and causing the wrongful issuance of any process from any court on wrongful, improper, and insufficient allegation of, citation to, or making of improper affidavit testimony or other showing on any proffered documentary evidence, if any, is essential to Plaintiffs' opposition to Defendants' motion for summary judgment, including but not limited to the following contested issues:

    A) why my home was targeted for search, what facts did Defendants rely on, if any, to establish probable cause, if any, for such search;

    B) details and substantiation concerning the application for and alleged issuance of any alleged warrant or other process and facts surrounding such acts and omissions;

    C) what affidavit testimony or other evidence, if any, was submitted in apparent support of such application and the extent to which such evidence

was properly made on first-hand personal knowledge of the official ore officials, if any, alleged to have applied for such process;

D) the training, directives, authority, knowledge and experience of the officials who conducted the search, caused, directed, permitted, and engaged in my unlawful arrest and detention, and the imposition of brute force against my person and property with unlawful and undue force, and under what alleged constitutional and legal authority was such violence practiced on me and my property and against the other occupants of the home at the pertinent time before and at the time of the wrongful conduct demonstrated objectively, including my children being threatened; and

E) acts and omissions, general and detailed, demonstrating the officials having been motivated by malice, intent to harm, physically and emotionally, or with reckless indifference as to the wrongdoing and infliction of injury as a result of the wrongdoing and to any understanding of salient legal and constitutional principles in support of and in opposition to the exercise of the excessive governmental power against my person and property and that of my co-Plaintiffs.

Executed on December 1, 2024

/s/Elizabeth Fox

## CERTIFICATE OF SERVICE

I served the above on counsel of record for Defendants by electronic transmission via the Court's electronic filing and service system in accordance with the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Eastern District of Michigan, and other governing law this first day of December, 2024.

/s/Barry R. Powers
Barry R. Powers