UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH FOX, et al.,

    Plaintiffs,

v.

    Case No. 22-cv-11298
    Honorable Linda V. Parker

THE CITY OF JACKSON,
MICHIGAN, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND TIME AND REOPEN DISCOVERY

### I. Introduction

Plaintiffs initiated this action on June 11, 2022, claiming violations of their civil rights arising from the enforcement of the City of Jackson's ordinances applicable to "non-owner occupied" residential property (i.e., residential rental property). The matter is presently before the Court on Plaintiffs' motion to reopen discovery and extend the deadline for their response to Defendants' pending summary judgment motion. (ECF No. 52.) For the reasons set forth herein, the Court declines Plaintiffs' request to extend the discovery deadline but will give them more time to file their response to Defendants' dispositive motion.

### II. Background

Plaintiffs originally sued twenty-one defendants in this action; however, they voluntarily dismissed their claims against three defendants on September 27, 2022

(ECF No. 6), and the Court dismissed their claims against fourteen additional defendants for insufficient process on March 14, 2023 (ECF Nos. 30, 36). After several extensions of the scheduling order (*see* ECF Nos. 35, 41, 42, 43), discovery closed on October 12, 2024, and the deadline for filing dispositive motions expired on November 9, 2024 (ECF No. 43). The four remaining defendants (hereafter "Defendants") filed a motion for summary judgment the day before the dispositive motion deadline. (ECF No. 47.)

On December 1, the deadline for Plaintiffs to respond to Defendants' summary judgment motion, Plaintiffs filed two motions seeking to enlarge the discovery deadline and to compel Defendants to cooperate in discovery. (ECF Nos. 50, 51.) The motions were stricken as they were discovery motions filed in violation of the Court's practice guidelines. (ECF No. 54.) On December 1, Plaintiffs also filed a "Motion to Hold Summary Judgment in Abeyance and for Other Relief." (ECF No. 52.) Specifically, in the motion, Plaintiffs request an extension of at least ninety (90) days to respond to Defendants' motion and permission to complete additional discovery in the interim. (*Id.*)

The Court held a status conference on December 3 to address Plaintiffs' motion. During the conference, Plaintiffs' counsel, Barry Powers, reiterated the assertions from Plaintiffs' December 1 filings, such as that: (1) Defendants had been unwilling to provide Plaintiffs discovery until Plaintiffs' depositions were completed and Plaintiffs had responded to Defendants' discovery requests; and (2)

after these contingencies were satisfied, Defendants refused to cooperate in discovery. Because Plaintiffs had not attached any communications or other evidence to their motion to support these assertions, and because Defendants' counsel offered a very different version of what had transpired, the Court ordered the parties to submit their relevant communications in supplemental filings. Those materials were filed on December 6. (ECF Nos. 55, 56.) On December 13, Defendants also filed a written response to the motion, objecting to Plaintiffs' requested relief. (ECF No. 57.)

## II.  Applicable Standard

Plaintiffs' request for more time to respond to Defendants' summary judgment motion is governed by Federal Rule of Civil Procedure 6(b). When an extension of time is sought before the original deadline expires, Rule 6(b) allows the court to extend the time for "good cause[.]" Fed. R. Civ. P. 6(b)(1)(A). With regard to Plaintiffs' request to reopen discovery, Federal Rule of Civil Procedure 16(b)(4) similarly provides that "[a] schedule may be modified only for good cause and with the judge's consent."

"District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)). The Sixth Circuit advises district judges to consider the following five factors when deciding whether to modify a scheduling order:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.

*Id.* (quoting *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010))). "Still, 'the overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery.'" *Id.* (quoting *Bentkowski*, 637 F.3d at 696) (brackets omitted).

### III. Analysis

This Court cannot find that Plaintiffs were diligent in pursuing discovery. In response to the Court's request for the communications between counsel, Plaintiffs submitted only a handful of the exchanges between their attorney and defense counsel during the lengthy discovery period in this matter.[1] The selected emails did not provide a full picture of what has actually transpired in the last year and a half in this litigation. In fact, they are misleading.

When the extensive communications, which Defendants attached to their supplemental submission, are considered, it is clear that Defendants have repeatedly

---

[1] The first scheduling order, filed on April 13, 2023, set a discovery deadline of January 12, 2024. (ECF No. 35.) By the third order, that deadline had shifted to October 12, 2024. (ECF No. 43.) Thus, the parties had at least a year and a half to complete discovery in this non-complex case. This Court usually allows six months of discovery for such cases.

4

and without success attempted to complete discovery in both directions within the deadlines set by the Court. Powers, in comparison, seems to have mainly ignored the litigation and taken action only when prompted by opposing counsel. For example, defense counsel had to go to great lengths to schedule Plaintiffs' depositions, only to have Powers cancel those depositions—frequently only after defense counsel reached out to confirm that they would be proceeding as scheduled and often on the eve of the previously agreed upon scheduled dates.

Contrary to Powers' representations, Defendants did not refuse to be deposed. Instead, in response to Power's requests to schedule the deposition of Defendants' Rule 30(b)(6) witness, defense counsel repeatedly told Powers that they needed him to provide the specific subjects and topics for the deposition so the proper witness could be identified. Yet, the request for this information was ignored. In response to Powers' list of individuals he wished to depose, defense counsel communicated that they were setting aside four days in April 2024 to complete those depositions. The failure of those depositions to go forward was not due to Defendants' actions but Powers' neglect.[2]

Powers really only focused on scheduling Defendants' depositions in early October 2024—after many months of preventing discovery from proceeding expeditiously and efficiently and with only a few days remaining before the last

---

[2] While defense counsel did communicate that Plaintiffs' depositions should precede Defendants' depositions, Powers never objected to that order of discovery.

extension of the discovery deadline expired. It was not unreasonable for Defendants to reject Plaintiffs' request to extend discovery and the dispositive motion deadline at that time. This was particularly so given the last-minute request, providing little notice of the proposed dates for Defendants' depositions, which were chosen without first inquiring of defense counsel as to Defendants' availability.

In addition to a lack of diligence by Plaintiffs in pursuing discovery, the remaining considerations weigh against granting their request to reopen discovery at this time. Plaintiffs were well aware of the discovery they needed but failed to diligently pursue during the lengthy discovery window afforded. Defendants were responsive to Plaintiffs' discovery requests when they were eventually and reasonably made.

For these reasons, the Court is denying Plaintiffs' request to reopen discovery. The Court, however, is granting Plaintiffs' request for more time to respond to Defendants' pending summary judgment motion. While the request was made on the day Plaintiffs' response brief was due and the reasons for the request were well known well before the due date, the Court finds it more efficient to receive Plaintiffs' challenges to the motion now, rather than through a post-judgment motion. Plaintiffs response is due within ten (10) days of this Opinion and Order. No further extensions will be allowed.

Accordingly,

6

**IT IS ORDERED** that Plaintiffs' motion for extension of time (ECF No. 52) is **GRANTED IN PART AND DENIED IN PART**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 16, 2025